MARTÍNEZ, PLAINTIFF AND APPELLANT, *v.* JIMÉNEZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Aguadilla in an action for the annulment of proceedings and records.

MOTION of respondents to dismiss the appeal.

No. 1134.—Decided May 27, 1914.

APPEAL—LEAVE TO FILE ANOTHER COMPLAINT—FINAL JUDGMENT.—When, as in the present case, a judgment is rendered dismissing the complaint because it does not state facts sufficient to constitute a cause of action and granting leave to file another complaint, the judgment rendered is considered as final · and is appealable in accordance with subdivision 2 of section 295 of the Code of Civil Procedure as amended by the Act of March 9, 1905.

ID.—TRIAL DE NOVO—APPEALS FROM MUNICIPAL COURTS—AMENDMENT OF COMPLAINT.—District courts are authorized to allow amendments to complaints. in trials *de novo* of cases appealed from municipal courts in the same cases. in which they are authorized to grant the same in cases coming under their original jurisdiction.

The facts are stated in the opinion.
The appellant filed a brief *pro se.*

*Mr. A. Blasco Pagán* for the respondents.

Mr. Justice Aldrey delivered the opinion of the court.

The following is the decision appealed from in the present case:

"Judgment.—Before this district court by virtue of an appeal taken by the plaintiff, Victor P. Martínez, from a judgment rendered by the Municipal Court of San Sebastián overruling the demurrer to the complaint. This case having been entered on the docket and a day having been set for the trial, the parties appeared represented by their respective attorneys and, the complaint having been read, the defendants by their attorney demurred on the grounds (1) that the complaint did not state facts sufficient to constitute a cause of action and (2) that the action was *res judicata.* The question of law involved in said demurrer having been submitted without argument by the demurrant and the attorney for the adverse party having argued the same from his point of view, the case was submitted to the court which announced that judgment would be rendered at a future session. Now, on this day, after duly considering the question of law submitted in the said demurrer, the court holds: That the first ground of the demurrer should be sustained and therefore the complaint is dismissed with costs, the plaintiff being allowed, however, to bring his action in accordance with the opinion which the court will hand down. The second ground of the demurrer, *i. e., res judicata,* is overruled. It is ordered that this judgment be entered in the judgment docket of the court and that when final a certified copy thereof be duly issued to the lower court for the necessary purposes.

"Done in open court this 21st day of February, 1914. Signed: Isidoro Soto Nussa, Judge."

The defendant-respondents move this court to dismiss the appeal on the ground that no appeal lies because the judgment is not final, inasmuch as the plaintiff is authorized to file another complaint in accordance with the opinion of the court.

The proper way to have ruled on the first ground of the demurrer would have been to sustain it by a decision and allow a reasonable time to amend the complaint if it were

amendable and not to have rendered a judgment unless the necessary amendments were not made. But in the present case, although leave was granted to file another complaint, the complaint already submitted to the court was dismissed with costs by a judgment. The effect of the judgment appealed from was to dismiss the complaint without prejudice to the filing of another. The court may have understood that as this was an action originating in a municipal court it was bound to try the case on the original complaint and not on a complaint amended before it. If such were its opinion it was in error because in appeals from judgments from municipal courts the cases go to the district courts to be tried *de novo* as if there had been no other trial, therefore district courts are authorized to allow amendments in the same cases in which they could allow them in cases originally brought before them.

Consequently, as this is a judgment dismissing the complaint because it does not state facts sufficient to constitute a cause of action, although it authorized the filing of another complaint, as the court decided definitely on the complaint before it, we must hold that it was a final judgment terminating the litigation and is appealable pursuant to the provisions of subdivision 2 of section 295 of the Code of Civil Procedure as amended by the Act of March 9, 1905.

As to the other ground of the motion, we are unable to see that it bears any relation to this case.

The motion should be overruled.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.